The next case on for argument is Mohamad v. Rajoub. Mr. Perez, thank you for coming down. Mr. Katz, thank you, your honor. Thank you, your honor. Mayor Katz, on behalf of the plaintiff's appellants. The plaintiff's purported voluntary dismissal of the prior action in the District of Columbia didn't work. Rule 41 permits a plaintiff to, quote, dismiss an action, not just a claim or a bunch of claims or even all claims against a single defendant. Dismiss an action. And this court held at Harvey Aluminum that Rule 41's reference to an action, quote, denotes the entire controversy. Did you raise, it's a little hard to tell who's saying what to whom, did you raise the Harvey Aluminum case in the district court? Did you argue Harvey Aluminum in the district court? We did not, your honor. To be quite honest, I don't think we knew about it. For good reason, I think. Harvey Aluminum has been excessively criticized as to its underholding, but it appears to be bad law. Well, I understand that. I just wanted to confirm my understanding that for whatever reason it was not raised in the district court. It was not raised in the district court. That's correct. We argue at length in the briefs that I think that there was no forfeiture here for a number of reasons, and I can walk through them, I think. First and foremost, it's a jurisdictional issue here that ought to be considered and arguably is not subject to forfeiture. Because the voluntary dismissal . . . If you win on the jurisdictional issue, then you get . . . If you lose on the jurisdictional issue, I suppose the whole thing is over. You never get to this. Isn't that right? The question of whether you . . . I'm sorry. I thought the question was whether you have jurisdiction over the individual defendant. No? Oh, I mean, there certainly wasn't jurisdiction in the prior action. There is now because he was served . . . We're confusing issues. That's a separate question. My point is that there's a jurisdictional question that underlies whether or not Rule 41 is applicable here. I don't mean to interrupt you, but by jurisdictional issue, you're talking about jurisdiction in D.C. over the original action, not . . . Correct. Correct, correct, correct. It's a great brief in 19 and 20 that goes in detail. I guess we should walk through it now because it's probably confusing otherwise. The court must determine whether there was a proper judgment. Whether there was a proper judgment is obviously a jurisdictional question. The court doesn't have jurisdiction to issue a judgment that's improper, obviously. In order to answer that question, we first have to know what we're talking about. Are we talking about the Rule 41 dismissal or are we talking about the district court's final judgment? Because otherwise, it's hard to talk about it. It's not intelligible to decide whether or not the judgment was proper if we don't know which judgment we're discussing. And, we have to decide which judgment we're discussing in order to have that discussion. In order to decide which judgment we're discussing, we have to decide whether the Rule 41 dismissal was proper. So, it's an antecedent question that gets to a jurisdictional question. You have to decide the antecedent question to decide the jurisdictional question. And, that's one of many reasons why there's no forfeiture here. It's just not subject to forfeiture. Even though there was a dismissal with prejudice entered into by your clients down in the District of Columbia, that's a nullity. It's not a nullity. It applies to the extent that Semtec International says that it applies, meaning that we couldn't refile the same claim in the same court, meaning the District of Columbia District Court. That's a U.S. Supreme Court precedent. Do you agree with me that a judgment entered in one court or an action brought in, I don't know, District of Vermont, which decides certain issues or is disposed of in a certain way is res judicata as to that issue ever being brought elsewhere? I need to clarify the last statement I just made. That answer that I gave you was assuming that the 41 dismissal was proper. If it wasn't proper, then we have a separate issue. I think getting more to your question, the dismissal in the District Court was for lack of jurisdiction. That's ultimately what the dismissal has to mean because there clearly was no jurisdiction. The D.C. District Court never said otherwise, never indicated that it thought it had jurisdiction. But it dismissed the case, the claim that was brought with prejudice, or am I misreading it? It dismissed with prejudice, but the words with prejudice doesn't mean on the merits the way that res judicata uses those terms. And that's what Semtec International believes. What does it mean? It means that you can't file the same claim in the same court. That's verbatim from Semtec International, U.S. Supreme Court precedent. That's what the words mean. Dismissal on the merits for res judicata purposes means that the court considered the merits and decided the merits. That's what it means. Dismissal on the merits, that quote, has come to mean different things over the years. But in the context of res judicata, it's almost like a term of art.  Why shouldn't it be that it just applies in the District Court in the District of Columbia rather than another federal court where the action is brought? What's the reasoning for that? One is that's what Semtec International holds. So you're asking me why. Maybe it does. But tell me, what's the reasoning? Why is it if you went to the Eastern District in New York and got a dismissal with prejudice that you couldn't file it there, but if you had crossed the Brooklyn Bridge, you could file it here in this building? What's the reasoning for that? Again, I'm assuming you mean dismissal with prejudice under Rule 41, not dismissal with prejudice on the merits. That's a totally different issue. Well, that's what you're saying. It's not on the merits. But the cases seem to hold that if you say with prejudice when the plaintiff files the request to dismiss the case, it's on the merits. Your Honor, I respectfully disagree. Those cases that you're quoting, I assume you're referring to Samuel's most notably, are all stipulated dismissals. Those are in the form of similar to a contract or a stipulated, I'm losing the term, offer of judgment. Why wasn't this de facto a stipulated dismissal with prejudice so that your clients could advance the issues that they wanted to advance on appeal? First of all, we had no need to. Make a choice in order to get an appellate ruling. First of all, we had no need to. The DC Circuit precedent, two years prior to all of this, the Cambridge Holdings case in 2007, the DC Circuit says explicitly that an unserved defendant doesn't count for the purposes of finality. That is the clearholding. Rule 41 says unless the notice or stipulation states otherwise, the dismissal is without prejudice. That's a unilateral dismissal under 41 by the plaintiff. Yes. But the notice here states otherwise. Yes. It's with prejudice. And Semtec International is discussing that language precisely in Rule 41A1. And it says that that language does not mean dismissal on the merits for estudicata purposes. That's black on white in Semtec International. You asked me why, Judge Stoner. Yeah. I mean, all I can do is read the Supreme Court. I assume it's clear from Justice Scalia's language in that decision that what he's saying is dismissal on the merits has to mean for the case was considered and decided in order for it to be binding on the plaintiff's moving forward. It doesn't mean that. It clearly doesn't mean that. So what does it mean? I guess by default he said that, well, it has to mean something. It doesn't mean nothing. There's a distinction in the rules between dismissal with prejudice and without. So it must mean that you can't refile the same claim in the same court. But it doesn't have the same strictures as restituticata pursuant. Thank you. You deserve three minutes for rebuttal, Mr. Katz. Mr. Burlingame. Good morning, Your Honors. May it please the Court, my name is John Burlingame, and I represent Mr. Rajoub. With Your Honor's permission, I'd like to pick up on the restituticata discussion in the first instance. In their brief, the plaintiffs conceded, page 33, that had this been a stipulated dismissal with prejudice under Rule 41A1A2, that restituticata would have applied. They tried to distinguish a stipulated dismissal with prejudice from what they did, a unilateral dismissal with prejudice. Under the plain terms of Rule 41, both a stipulated and a unilateral dismissal with prejudice requires no court action. They gave up their rights. He points to the Semtec case. Like Harvey Aluminum, he never raised the Semtec case below. They waived the Harvey Aluminum-based argument, and they waived the Semtec-based argument. The Supreme Court in Taylor v. Sturgill, a case— Supposing they had, what's your view of Semtec and its relationship to the dispute here? Semtec doesn't apply because that case dealt with— In the Taylor v. Sturgill case that we cite on page 47 of our brief, the Supreme Court made very clear that in a federal question case, it's federal common law that applies. This Court has held repeatedly in the Neemeiser v. Baker case, in the Samuel case, in the Carter case, which in turn cites Chase Manhattan v. Selitex, that a voluntary dismissal with prejudice operates as an adjudication on the merits. They're arguing in this Court that you now should ignore what happened in the D.C. Court. That is an impermissible collateral attack on the federal court in the District of Columbia. My recollection is in the District of Columbia District Court, there were federal claims, right? Yes, Your Honor. Yes, it was a federal question case, Your Honor, but it is an impermissible collateral attack. I'd like to turn briefly to the personal jurisdiction issue, Your Honor. The District Court held that there was personal jurisdiction over Mr. Rajoub based on its understanding that Daimler only applied to corporate— Why do you think TAG jurisdiction no longer is available after Daimler? Because Daimler announced a very clear rule that the test for general jurisdiction is at home, absent exceptional circumstances. This Court in Waldman v. PLO held that that test applies to every single defendant regardless of their nature. In Reich v. Lopez, which postdated the Waldman case, this Court made perfectly clear that the at-home test applies to individuals. I think Reich v. Lopez is particularly instructive because it examined whether general jurisdiction was available over a Venezuelan citizen who actually had an apartment here in New York, spent about 5 percent of his time here in New York. Service was made by posting on his apartment. What about Justice Sotomayor's concurring opinion in Daimler? She cites Burnham and says it still exists. It's a concurring opinion, Your Honor, with no precedential value. If we look at Burnham, the Burnham Court never stated a majority rationale. We know that from Justice Scalia's own words. They all agreed, though, right? There were just nine opinions, I think. Under the circumstances of that case. But there was a fractured court with Justice Scalia's opinion saying that tagged jurisdiction, when an individual is tagged with service while physically present in the form, that was sufficient. Justice Brennan's opinion said you need to look to more. You need to look to the totality of the circumstances. Justice Scalia criticized Justice Brennan's opinion because he did just that. Justice Brennan did not lay down a uniform rule that he was leaving open the totality of the circumstances. We fast forward to Daimler when it comes to general jurisdiction, and it announced a very clear, simple, unifying rule for general jurisdiction that this Court has held applies to individuals. But its whole analysis was as to corporations, though, right, in Daimler? There was no analysis of personal jurisdiction in the context of tagged jurisdiction or individuals. The whole predicate for Daimler, the foundation for Daimler for the corporate defendant in that particular case, was premised on the paradigm example of an individual. Where is an individual at home? An individual is at home where he or she is domiciled. In the Reich v. Lopez case, this Court cited Daimler for that very proposition. An individual is at home in only one place where they are domiciled. An individual can have all sorts of residences, but only one domicile. This Court in the Reich v. Lopez case, Your Honor, noted that, yes, Daimler accommodates exceptional circumstances, but it explicitly said that the Second Circuit is not aware of any exceptional circumstances that would apply to overcome the at-home test. But that was not in the context of in-hand service, though. Weren't those abode services kinds of cases? Yes. The tagged service issue was raised for the first time on appeal, and this Court determined in the Reich v. Lopez that it had been waived, so it didn't address the additional issue. But if we're going to allow tagged service over anybody in the world transiting through John F. Kennedy International Airport, it's going to create an exception that's going to swallow the rule. In the words of this Court in the Brown v. Lockheed case, you'd be robbing Daimler of its meaning through a backdoor thief. You'd be allowing general jurisdiction, all-purpose jurisdiction over anybody for anything that happened anywhere in the world simply because they were tagged with service while making their way through New York. The tagged service— Might cut down on the congestion at JFK, however. Well, it might cut down—if you go my way, it might cut down on the congestion on this Court's docket as well, Your Honor. But Daimler also cautioned against territorial thinking, which was the whole underpinnings of Justice Scalia's opinion in the Burnham case. Daimler invoked transnational context as well. So you look at Daimler, and you just cannot square Daimler with the Burnham case, which never had a majority rationale. Your Honor, unless the Court has any questions, I rest on the briefs. Thank you, Mr. Burlingame. Mr. Katz would love to get your views on what we were just discussing. Thank you, Your Honor. To be quite frank, Your Honor, I don't think there's an issue here. It's quite simple. Burnham is dispositive. Burnham is controlling. Burnham is the decision of nine Justices, never overruled. The Supreme Court never said anything to the contrary. There is no dicta, not even dicta, in Daimler that suggests otherwise. There is language in Daimler that on the surface would seemingly need to be reconciled with Burnham, but it's very clear the answer. Daimler was talking about jurisdiction over corporations. It never said anything to the contrary regarding jurisdiction over people, individuals. Not only that, it indicates that the International Shoe and the Fairness Doctrine applies only to specific jurisdiction. I don't have a cite for you, but there's language very clearly in Daimler that makes this point. General jurisdiction is not subject to the same strictures, and this is general jurisdiction we have here. Transient jurisdiction is a form of general jurisdiction. Daimler is just completely not relevant, so too Waldman. I'd like to get back to a couple of things. First of all, the council said that we waived the Semtec argument. That's absolutely not true. We make this point in the gray brief, pages 20 and 29. Two, this is not a collateral attack on the D.C. Circuit. It's a gray brief, right? Gray brief, yes, pages 20 and 29. You think that's enough in a reply brief to raise it? Well, no, we raised the issue in the blue brief. He's saying we waived it, and we responded to the waiver argument in the gray brief. I'm just using shorthand because we're short on time. This is not a collateral attack on the D.C. District Court's jurisdiction. The D.C. District Court never said that it had jurisdiction. There's nothing in the record to suggest that it thought it had jurisdiction. There's nothing in the record to suggest that thinking it had jurisdiction would have been reasonable because Raju was never served, and we said so, and we said we never had any expectation of being able to serve. So we're not trying to collaterally attack the D.C. District Court's jurisdiction, and that's, by the way, another very valid reason to distinguish this case from the Samuels case and any other case that they cite from this court. This court has never held that a unilateral dismissal is binding under res judicata. This court has never held that a unilateral dismissal is binding under res judicata, and the reason, I think, is simple, particularly when we're talking about a unilateral dismissal before jurisdiction is established because the rules of res judicata, as this court said recently in Brown Media, are very clear. There has to be a final judgment on the merits, and Semtec International says what that means, and there has to be jurisdiction. That's one of the requirements for res judicata to attach. Not only that, the burden rests with the defendant. I think it's an important point to take into account here, the burden issue. Regarding Semtec International. Why do you say we've never held what you just said when Samuels seems pretty clear? I know that that was in a little different context. I think it was a discrimination case where there was no exhaustion with the EEOC, is my recollection. But that was pretty clear language that it does apply even if there's no jurisdiction. Semtec International is a stipulated dismissal. I'm talking about Samuels. You know what I'm talking about. I'm sorry. I misspoke. I meant Samuels. Samuels was regarding a stipulated dismissal. I know that, but they said that we didn't have jurisdiction in the case because the plaintiff didn't exhaust his discrimination claims under the EEOC. How is that different? Your Honor, there was one sentence in that opinion that's relevant. I'm explaining the sentence. What? There was one sentence in that opinion that was relevant. It doesn't explain it. I'm explaining the sentence for you. I'm telling you what it means is that because there was a stipulated dismissal, it was binding. That's what made it binding. This Court never walked through the reasoning behind that, never considered why a unilateral, it wasn't here, but why the actions of a plaintiff could be binding in the form of a judgment for purposes of res judicata. It predates Semtenk International. That's two. And three, it involved a collateral attack. As I explained earlier, this is not a collateral attack. If I may, I'd like to get back to Semtenk International for one minute, for 30 seconds if I can. Thirty seconds. Thirty seconds. There were some questions before regarding Semtenk International's applicability, particularly regarding the fact that it was a diversity case, and this is not. I concede that. But if you look at the opinion, pages 505 to 506, it's very clear what the Court is doing there. It's trying to figure out whether Rule 41 independently ought to control, regardless of the fact that it's a diversity action. It doesn't come back to the fact that it's a diversity action until much later in the opinion. And on page 505 to 506, the primary meaning of, quote, dismissal without prejudice, we think, is dismissal without barring the plaintiff from returning later to the same court with the same underlying claim. Later, it quotes Black's Law Dictionary to define dismissal without prejudice as, quote, that the plaintiff may refile the same suit on the same claim, end quote. Any further questions? Thank you, Your Honor. Thank you. Thank you both. We'll reserve decision in this case.